IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00949-WYD-PAC

INTERNET PR GROUP, INC.,

    Plaintiff,

v.

XSUNX, INC.,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion to Remand, filed July 6, 2006.  This matter was removed to this Court on May 19, 2006, from the Jefferson County District Court on the basis that this Court has original subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (b).  Defendant claims removal of this action is proper because Plaintiff's claims present federal questions pursuant to federal law.  Specifically, the Notice of Removal indicates that the subject action focuses on the interpretation and application of Rule 144 of the Securities Act of 1933.  (Def.'s Notice ¶ 4.)

The case involves the alleged wrongful refusal to allow the removal of a restrictive legend from stock certificates pursuant to Rule 144 of the Securities Act of 1933.  Further, Plaintiff seeks declaratory and injunctive relief along with a claim of conversion arising from the Defendant's refusal to register the transfer of Plaintiff's

shares.  (Compl. ¶ 36.)

Plaintiff seeks to remand the case arguing that its claims for relief concern the breach of Defendant's duties and obligations under Colorado state law, specifically COLO. REV. STAT. § 4-8-401.  Further, Plaintiff claims that it has not alleged any violations of federal law, there is no express preemption of state law, and the applicability of Rule 144 of the Securities Act is not a substantial federal issue.  Finally, Plaintiff argues that 15 U.S.C. § 77v(a) prohibits the removal of any case arising under the Securities Act of 1933 that was previously brought in a state court of competent jurisdiction.

Upon careful review of the pleadings and pertinent legal authority, I find that Plaintiff's Motion to Remand should be granted.  First, I will address Plaintiff's Motion to Remand, and finally, address Plaintiff's request for costs arising from removal.

## II.   BACKGROUND

On or about February 4, 2005, the Defendant issued 300,000 shares of its common stock represented by stock certificate XSX 0485 ("certificate") to Plaintiff. (Pl.'s Mot. ¶ 1.)  Defendant issued the certificate as restricted stock governed by Rule 144 of the Securities Act of 1933.  (Pl.'s Mot. ¶ 2.)  Under Rule 144, restricted securities held for more than one year are exempt from the restriction and may be resold.     17 C.F.R. § 230.144(d)(1).  Plaintiff alleges that approximately one year after holding the certificate, Plaintiff's counsel requested that the Defendant re-issue the certificate without the restrictive legend pursuant to COLO. REV. STAT. § 4-8-401. (Pl's Mot. ¶ 3.)  The Defendant refused to register the transfer of the certificate without

the restrictive legend, and the Plaintiff filed this action in the Jefferson County District Court. (Pl's Mot. ¶ 4.) Plaintiff's complaint alleged, *inter alia*, that the Defendant wrongfully refused to remove the restrictive legend from the certificate and failed to register the transfer of stock. (Compl. ¶¶ 26-31.) On May 19, 2006, the Defendant filed its Notice of Removal to this Court. (Notice.)

III.   ANALYSIS

In deciding the merits of Plaintiff's motion, I note that there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal district courts shall have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, any civil action involving "a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable." 28 U.S.C. § 1441(b). The language "arising under" contemplates federal question jurisdiction even when only state claims are pled if they "implicate significant federal issues." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This supports "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that . . . turn on substantial questions of federal law . . . ." *Id.* at 312.

Plaintiff argues that its claim for relief of removing the restrictive legend from a stock certificate is governed by Colorado law. COLO. REV. STAT. § 4-8-401(a)(5) provides that no transfer shall violate any restriction on the transfer which was imposed

by the issuer. *Id.* In this case, the restriction on the certificate in question reads as follows:

> The securities represented hereby have not been registered under the securities act of 1933 *(sic)*, as amended, and may not be sold, pledged, or otherwise transferred without an effective registration thereof under such act or an opinion of counsel, satisfactory to the company and its counsel, that such registration is not required.

(Def.'s Res. at 2.)  According to this certificate's restriction, the certificate "may not be sold, pledged, or otherwise transferred without effective registration" or waiver of registration. *Id.* As such, Plaintiff's transfer request requires the Court to determine if Plaintiff is eligible to register the certificate or if Plaintiff's opinion letter is sufficient to waive registration as required by the restriction and the Securities Act of 1933. Therefore, I agree with the Defendant that Plaintiff's request to transfer its certificate pursuant to COLO. REV. STAT. § 4-8-401 implicates federal issues under Rule 144 of the Securities Act of 1933, 17 C.F.R. § 230.144(d)(1).  Accordingly, no court can provide Plaintiff with its requested relief under COLO. REV. STAT. § 4-8-401 without considering federal securities registration law.

I now turn to the statute relied on by Plaintiff in its Reply to Second Supplemental Response in support of its Motion to Remand.  Section 22 of the Securities Act provides that federal court jurisdiction over actions arising under that statute is concurrent with the jurisdiction of state courts.  However, 15 U.S.C. § 77v(a) provides that no case arising under the Securities Act of 1933 brought in any state court of competent jurisdiction may

be removed to any court of the United States. Securities Act of 1933, § 22(a), 15 U.S.C. § 77v(a); *See Breuer v. Jim's Concrete of Brevard,* Inc., 538 U.S. 691, 696 (2003). As such, Defendant's Notice to Remove is precluded by the language of this statute.

The Defendant argues that Plaintiff's Motion to Remand, filed July 6, 2006, was not timely. It was filed 48 days after Defendant filed its Notice of Removal on May 19, 2006. (Def.'s Second Supplemental Resp. ¶ 2.) Under federal law, a plaintiff may object to removal on procedural grounds by filing a motion to remand within 30 days after the defendant files its notice of removal. 28 U.S.C. § 1446(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Huffman v. Saul Holdings Ltd. Pshp.*, 194 F.3d 1072, 1076 (10th Cir. 1999). However, a plaintiff may object substantively to removal for lack of subject matter jurisdiction at any time before the final judgment. *Caterpillar*, 519 U.S. at 69.

The Tenth Circuit is silent as to whether 15 U.S.C. § 77v(a) is considered substantive or procedural. However, "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Insur. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Environmental Remediation Holding Corp. v. Talisman Capital Opportunity Fund*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). Further, defendants, as the party seeking removal, have the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Ass. of Soil Conservation Districts*, 841 F. Supp. 350 (D. Colo. 1993). Therefore, this Court will treat 15 U.S.C. § 77v(a) as substantive.

Accordingly, in its Motion to Remand, Plaintiff argues that its claims do not arise

under the Constitution, treaties, or laws of the United States. (Pl.'s Mot. ¶ 6.) Since Plaintiff alleges lack of subject matter jurisdiction, the 30 day time limit does not apply. *Huffman*, 194 F.3d at 1077. Further, a plaintiff cannot waive its objection to removal for lack of subject matter jurisdiction. *Caterpillar*, 519 U.S. at 69. This Court is persuaded that Plaintiff's requested relief involves federal law, however, I find that a claim involving the Securities Act of 1933 is nonremovable. Accordingly, Plaintiff's Motion to Remand is granted.

Finally, Plaintiff's request for costs and expenses arising from removal is denied. An award for costs and expenses is a tool to assail a party for improper conduct. *Towerridge v. T.A.O., Inc.*, 111 F.3d 758, 765-66 (10th Cir. 1997). I do not find Defendant's removal warrants an award for costs and expenses, especially when Plaintiff's action actually implicates significant federal questions of law.

IV.   CONCLUSION

Accordingly, it is

ORDERED that Plaintiff's Motion to Remand is **GRANTED** and its request for costs and fees is **DENIED**. It is

FURTHER ORDERED that this case is remanded to the District Court of Jefferson County, Colorado.

Dated:  October 23, 2006

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge